J-S05040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LAWRENCE HIGGINS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| FRANK BONIN FUNERAL PARLOR AND DONNA GEORGE, | |
| Appellees | No. 1150 MDA 2016 |

Appeal from the Order Entered June 30, 2016
in the Court of Common Pleas of Luzerne County
Civil Division at No.: 2013-04341

BEFORE: BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.: **FILED MARCH 01, 2017**

Appellant, Lawrence Higgins, appeals *pro se* from the trial court's order granting the motion for judgment on the pleadings filed by Appellee, Frank Bonin Funeral Parlor, and dismissing his complaint.[1] We affirm.

The relevant background of this case is as follows. On April 10, 2013, Appellant, acting *pro se*, filed a complaint against Frank Bonin Funeral Parlor and Ms. George, who is the mother of Appellant's late son, Jared Higgins. The crux of Appellant's complaint is that Appellees arranged for Jared Higgins' cremation, which violates Appellant's religious beliefs, without his

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court also granted the motion for judgment on the pleadings filed by Appellee, Donna George, in an earlier order.

consent; he seeks $250,000.00 in damages from each Appellee. Ms. George filed a motion for judgment on the pleadings on August 14, 2014, which the trial court granted on December 22, 2014, and dismissed the complaint against her. Frank Bonin Funeral Parlor filed a motion for judgment on the pleadings on February 10, 2016, which the trial court granted on June 30, 2016, and dismissed the complaint against it. Appellant timely appealed, but failed to comply with the trial court's October 24, 2016 directive to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). *See* Pa.R.A.P. 1925(b).

On appeal, Appellant argues, *inter alia*, "the [trial] court erred in dismissing the case [where Appellees] disregarded Pennsylvania law and went behind a father[']s back and cremated his son[']s body." (Appellant's Brief, at 2) (most capitalization omitted). However, prior to addressing the merits of this appeal, we must determine whether Appellant properly preserved his issues for our review.[2] Rule 1925(b) provides, in relevant part, "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P.

---

[2] We are cognizant that Appellant is incarcerated in Texas for murder and is proceeding *pro se*. It is well-settled that, "although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant," and a *pro se* litigant must comply with our procedural rules. **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (citation omitted).

1925(b)(4)(vii). This Court has held: "Our Supreme Court intended the holding in [**Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998),] to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised. . . . Indeed, our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)[.]" **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (some citations and internal quotation marks omitted; emphasis in original).

Here, the trial court issued an order in compliance with Rule 1925(b), requiring Appellant to file a concise statement within twenty-one days and advising: "Any issue not properly included in the statement timely filed and served pursuant to [Rule 1925(b)] shall be waived." (Concise Statement Order, 10/24/16, at ¶ 3). Despite this directive, Appellant never filed a Rule 1925(b) statement. Consequently, he has waived his issues on appeal. **See** Pa.R.A.P. 1925(b)(4)(vii); **Greater Erie Indus. Dev. Corp.**, **supra** at 224. Accordingly, we affirm the order of the trial court.[3]

_____

[3] Moreover, even if Appellant had complied with the court's order, his defective brief substantially hinders our ability to conduct meaningful appellate review. For example, it omits a statement of the questions involved and a summary of the argument. **See** Pa.R.A.P. 2116(a), 2118. The body of the brief is rambling, disjointed, and lacks cogent legal analysis supported by relevant authority and citation to the certified record. **See** Pa.R.A.P. 2119(a)-(c). Therefore, we could dismiss the appeal for this reason as well. **See** Pa.R.A.P. 2101.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/1/2017